NAGIE, a. k. a. NAGEY, Petitioner-Appellant, v. LANGLEY, Sheriff, Respondent-Appellee.

Ohio Appeals, Seventh District, Mahoning County.

No 3561.    Decided April 1, 1953.

Fred J. Gough, James M. Modarelli, Jr., Youngstown, for petitioner-appellant.

W. A. Ambrose, Pros. Atty., H. H. Hull, Asst. Pros. Atty., Youngstown, for respondent-appellee.

## OPINION

Per CURIAM.

The Governor of the State of Ohio honored the requisition of the Governor of the State of Pennsylvania and issued a warrant ordering petitioner extradited to the state of Pennsylvania on the ground that he was an "alleged fugitive" from justice therefrom, where he was charged with committing burglarly.

The information in affidavit form as applicable reads:—

"* * * did on the 12th day of April, 1952, unlawfully and willfully and maliciously enter the dwelling house of one Myer Wilkoff * * * in Mercer County, Pennsylvania, with intent to commit a felony therein * * *."

The respondent, Sheriff of Mahoning county, arrested petitioner under such warrant, and while he detained petitioner petitioner filed a petition in the court of common pleas praying for a writ of habeas corpus.

Upon hearing had, a judge of the court of common pleas dismissed petitioner's petition and refused to issue the writ of habeas corpus for which he prayed.

Petitioner appealed from that judgment to this court on questions of law, and contends:—

"1. The court of common pleas erred in denying the writ of habeas corpus in that, after concluding that petitioner was not a fugitive from justice, erred in concluding that a finding that petitioner was a fugitive from justice was not a condition precedent to denying petitioner's application; and

"2. For other errors occurring at the hearing for the writ of habeas corpus appearing on the face of the record."

The trial judge found that "there is no evidence here that he was in Pennsylvania on that day. No evidence at all"; and that "* * * there is clearly no evidence here that this man (plaintiff) charged in Pennsylvania ever fled from Pennsylvania."

Sec. 109-3 GC, Uniform Extradition Act, provides:—

"No demand for the extradition of a person charged with crime in another state shall be recognized by the governor unless in writing alleging, except in cases arising under section 6 (§109-6 GC), that the accused was present in the demanding state at the time of the commission of the alleged crime, and that thereafter he fled from the state, and accompanied by a copy of an indictment found or by information supported by affidavit in the state having jurisdiction of the crime, or by a copy of an affidavit made before a magistrate there, together with a copy of any warrant which was issued thereupon; or by a copy of a judgment of conviction or of a sentence imposed in execution thereof, together with a statement by the executive authority of the demanding state that the person claimed has escaped from confinement or has broken the terms of his bail, probation or parole. The indictment, information, or affidavit made before the magistrate must substantially charge the person demanded with having committed a crime under the law of that state; and the copy of indictment, information, affidavit, judgment of conviction or sentence must be authenticated by the executive authority making the demand."

The record in this case shows that the information in affidavit form from the state of Pennsylvania charged the petitioner with the crime of burglarly, a felony.

Section 4901, Title 18, of the Penal Code of Pennsylvania, defines the crime of burglarly as follows:—

"Whoever, at any time, wilfully and maliciously, enters any building, with intent to commit any felony therein. is guilty

of burglarly, a felony, and upon conviction thereof. shall be sentenced to pay a fine not exceeding ten thousand dollars ($10,000), or to undergo imprisonment, by separate or solitary confinement at labor, not exceeding twenty (20) years. or both "

Section 5105, Title 18, of the Penal Code of Pennsylvania, provides:—

"Every principal in the second degree or accessory before the fact, to any felony at the common law or under any act of Assembly may be indicted, tried, convicted, and if no punishment is provided, may be punished in all respects as if he were the principal felon."

There is no evidence in the record before the common pleas court from which that court, or this, could find that the petitioner was guilty of the crime of burglarly as the principal felony, or the crime of being a "principal in the second degree or accessory before the fact of that felony."

There is in such section of the Penal Code the following provision:—

"Every accessory after the fact to any felony at the common law or under any act of Assembly for whom no punishment is provided, shall be guilty of a misdemeanor and, on conviction, be sentenced to pay a fine not exceeding one thousand dollars ($1,000), or to undergo imprisonment, with or without labor, not exceeding two (2) years, or both."

There is evidence in the record that the petitioner could properly be convicted of the misdemeanor denominated as an accessory after the fact, which we find to be an included offense in the crime of burglarly under the Penal Code of Pennsylvania.

The trial court was not authorized to dismiss the petition for a writ of habeas corpus upon the theory that the accused was guilty of what under Ohio law would be considered an aider or abettor of the crime of burglary, but the dismissal of the petition was clearly authorized because the law of Pennsylvania, as distinguished from the law of Ohio, provides that one who is an accessory after the fact of the felony shall be found guilty of a misdemeanor, which is an element of and included in the felony charge.

Sec. 109-6 GC, provides for the extradition of one who has committed some act in the state of Ohio which has resulted in the commission of a crime in the demanding state, even though the accused was not in the demanding state at the time of the commission of the crime, and has not fled therefrom.

The evidence here sufficiently shows that the petitioner is guilty of the crime of an accessory after the fact under Sec-

tion 5105 of the Pennsylvania Criminal Code, in that he was found in possession of the property, or a part thereof, which was procured as a result of the burglarly in Pennsylvania.

Under such circumstances §109-6 GC, clearly authorizes that petitioner be extradited in accordance with the warrant issued by the Governor of the state of Ohio, and the common pleas court of Mahoning county was not in error in dismissing the petition for a writ of habeas corpus, and the judgment of that court must be and is affirmed.

GRIFFITH, PJ, PHILLIPS & NICHOLS, JJ, concur.